# NO. 12-16-00038-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JUSTINE INGELS,*<br>*APPELLANT* | § | *APPEAL FROM THE* |
| *V.* | § | *COUNTY COURT AT LAW NO. 1* |
| *DIANE R. EARNEST,*<br>*APPELLEE* | § | *DALLAS COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Justine Ingels appeals the trial court's judgment that she take nothing in her personal injury lawsuit against Diane R. Earnest. In one issue, Ingels contends that the evidence is factually insufficient to support the trial court's judgment. We affirm.

## BACKGROUND

While driving on the freeway, Ingels had to come to a complete stop due to road construction. Moments later, Earnest drove her vehicle into the rear of Ingels's vehicle. After the accident, neither Ingels nor Earnest felt they needed medical attention or police assistance, so they both drove away and continued on their business.

A couple of weeks later, Ingels contacted Dr. Wayne Burkhead because she was experiencing pain in her shoulder.[1] Dr. Burkhead saw Ingels several weeks later. He diagnosed Ingels with a torn rotator cuff and recommended surgery. Ingels agreed to the surgery. However, Ingels's shoulder continues to cause her pain, and Dr. Burkhead believes that Ingels will require additional surgeries in the future.

---

[1] Dr. Burkhead previously had performed surgery on Ingels's shoulder after she had torn her rotator cuff while moving a potted plant.

Ingels believed that her shoulder injury was caused by the automobile accident with Earnest, so she sued Earnest on negligence grounds. The matter proceeded to a jury trial. At trial, Ingels sought damages for past and future physical pain and mental anguish, medical care, physical impairment, and disfigurement. Earnest argued that the jury should not award damages to Ingels unless the jury determined by a preponderance of the evidence that Ingels's shoulder injury was caused by her accident with Earnest. The jury declined to award damages to Ingels, and the trial court signed a judgment in accordance with the jury's verdict. Ingels filed a motion for new trial, which was overruled by operation of law. *See* TEX. R. CIV. P. 329b(c). This appeal followed.

## FACTUAL SUFFICIENCY

In her sole issue, Ingels argues that the evidence is factually insufficient to support the jury's findings that Ingels suffered zero dollars in damages for past and future physical pain and mental anguish, medical care, physical impairment, and disfigurement. She contends that, in response to the impact, her shoulder was injured when she reached out to restrain her dog. That injury, she asserts, led to surgery.

### Standard of Review

When a party attacks the factual sufficiency of an adverse finding on an issue on which it has the burden of proof, it must establish that the adverse finding is against the great weight and preponderance of the evidence. ***Dow Chem. Co. v. Francis***, 46 S.W.3d 237, 242 (Tex. 2001). In making that determination, we consider and weigh all the evidence, not just the evidence that supports the verdict. ***Id***. We can set aside the verdict only if it is so contrary to the overwhelming weight of the evidence that the verdict is clearly wrong and unjust. ***Cain v. Bain***, 709 S.W.2d 175, 176 (Tex. 1986).

When reviewing factual sufficiency issues, we are mindful that the factfinder is the sole judge of the credibility of the witnesses. *See* ***Canal Ins. Co. v. Hopkins***, 238 S.W.3d 549, 557 (Tex. App.—Tyler 2007, pet. denied) (op. on reh'g). Accordingly, we may not pass on the witnesses' credibility or substitute our judgment for that of the jury. *See* ***Golden Eagle Archery, Inc. v. Jackson***, 116 S.W.3d 757, 761 (Tex. 2003). A jury can disregard evidence, but cannot take evidence out of context. ***City of Keller v. Wilson***, 168 S.W.3d 802, 812 (Tex. 2005) (if

2

witness testifies, "I did not do that," jury can disregard whole statement but cannot rewrite by disregarding just the middle word).

The burden of proof may be satisfied by direct or circumstantial evidence. *See **Havner v. E–Z Mart Stores, Inc.***, 825 S.W.2d 456, 459 (Tex. 1992). But the plaintiff's evidence must be more than "mere conjecture, guess, or speculation." ***Doe v. Boys Clubs of Greater Dallas, Inc.***, 907 S.W.2d 472, 477 (Tex. 1995). Where circumstances give rise to more than one inference, none more probable than the other, those circumstances are the equivalent of no evidence. ***Marathon Corp. v. Pitzner***, 106 S.W.3d 724, 729 (Tex. 2003) (per curiam).

## Applicable Law

To establish negligence, the plaintiff must produce evidence that the defendant owed the plaintiff a legal duty, that duty was breached, and the breach proximately caused the plaintiff's damages. *See **Lee Lewis Constr., Inc. v. Harrison***, 70 S.W.3d 778, 782 (Tex. 2001). Proximate cause is comprised of cause in fact and foreseeability. ***Excel Corp. v. Apodaca***, 81 S.W.3d 817, 820 (Tex. 2002).

Cause in fact requires the act or omission to be a substantial factor in causing the injury "without which the harm would not have occurred." ***Doe***, 907 S.W.2d at 477. To be a substantial factor, the act or omission must have "such an effect in producing the harm as to lead reasonable men to regard it as a cause, using that word in the popular sense, in which there always lurks the idea of responsibility," instead of simply the "so-called 'philosophic sense,' which includes every one of the great number of events without which any happening would not have occurred." ***Union Pump Co. v. Allbritton***, 898 S.W.2d 773, 776 (Tex. 1995) (quoting RESTATEMENT (SECOND) OF TORTS § 431 cmt. a (1965)).

Foreseeability requires that the negligent actor anticipated, or should have anticipated, the danger his or her negligence creates. *See **Excel Corp.***, 81 S.W.3d at 820. The exact injury need not be foreseen, but instead, foreseeability is satisfied when the injury is of a general character that could reasonably be anticipated. *See **Lee Lewis Constr., Inc.***, 70 S.W.3d at 785.

## Analysis

The only injury that Ingels contended she sustained in the accident was the injury to her right shoulder. Ingels testified that the accident happened when she made a sudden stop because the person in front of her had stopped suddenly. She did not see Earnest's vehicle before the impact, but once she felt the impact, she extended her arm over and stopped her dog from hitting

the dashboard. Ingels testified that her dog was a Shih Tzu and terrier mix, but she provided no other information regarding the size of her dog or the nature of the impact between her dog and her arm.

After the impact, Ingels did not believe that she needed medical attention. She claimed that she did not feel "actual severe pain" in the shoulder until a couple of days after the accident. She further contended that her shoulder was stiff and sore before it turned into actual pain. However, Ingels did not contact Dr. Burkhead's office until about two weeks after the accident, and she did not see a doctor until her visit with Dr. Burkhead approximately six weeks after the accident.

Additionally, Ingels did not contact the police. Instead, she drove her vehicle away from the accident scene and continued with her business. She presented no evidence regarding the damage sustained by her vehicle in the accident or any other evidence indicating the severity of the impact. Dr. Burkhead likewise had no history from Ingels providing information regarding the intensity of the collision.

Ingels's ex-husband testified that he was around Ingels shortly after the accident, and he witnessed her experience shoulder pain. His testimony was not clear as to how soon after the accident he saw Ingels. Earnest also testified, but she had no evidence regarding Ingels's shoulder injuries or the cause of those injuries.

Both Ingels and Dr. Burkhead contended that Ingels's act of reaching to stop her dog from impacting the dashboard caused the tear of Ingels's rotator cuff. Dr. Burkhead testified that he saw objective evidence that Ingels sustained a recent tear to her rotator cuff that was more likely from trauma rather than from a degenerative condition. Based on that objective evidence, and because of the history that Ingels related regarding the automobile accident, Dr. Burkhead opined that the accident caused her shoulder injury. Dr. Burkhead admitted that he had no knowledge of Ingels's activities between the accident and the first time that he saw her postaccident approximately six weeks later.

Ingels contends that the facts of her case mirror *Schmeltekopf v. Johnson Well Service of Luling*, 810 S.W.2d 865 (Tex. App.—Austin 1991, no writ). We disagree. In *Schmeltekopf*, the plaintiff drove her vehicle into the defendant's trailer that had been negligently stopped in the roadway one evening. *Id.* at 866. The impact was such that the trailer rotated almost ninety degrees. The plaintiff did not believe that she was injured at the scene of the accident, but by the

4

next morning, the plaintiff was in pain to the extent that she sought and received medical attention. *Id.* at 867. She received more medical attention four days after the accident, and she was in such pain that she was hospitalized eleven days after the accident. *Id.* Based on those facts, the Austin court of appeals determined that the evidence was uncontroverted that the accident caused the plaintiff some injury and pain, and thus, held that the evidence was factually insufficient to support the jury's findings that the plaintiff had sustained zero dollars of damages. *Id.* at 870.

Ingels did not present the same level of evidence regarding the causation of her injuries that was presented by the plaintiff in *Schmeltekopf*. *See id.* at 867. Earnest simply contended to the jury that Ingels failed to satisfy her burden of proof. The jury agreed. After a review of all of the evidence, we hold that the jury's determination is not so contrary to the overwhelming weight of the evidence that the verdict is clearly wrong and unjust. *See Cain*, 709 S.W.2d at 176. To the contrary, the jury reasonably could have disbelieved Ingels's testimony that she reached out **after** the impact, but was able to still get her arm in front of her dog before it hit the dashboard. Once that evidence is disregarded, Ingels's proof that her shoulder injury was caused by the accident is not so strong that we can substitute our judgment for that of the jury. *See Golden Eagle Archery*, 116 S.W.3d at 761. The jury could have determined that the evidence did not justify the conclusion that Ingles's injury was the probable result of the car accident. *Doe*, 907 S.W.2d at 477. We therefore overrule Ingels's sole issue.

## DISPOSITION

Having overruled Ingels's sole issue, we *affirm* the judgment of the trial court.

BRIAN HOYLE
Justice

Opinion delivered August 10, 2016.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)

5



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

AUGUST 10, 2016

NO. 12-16-00038-CV

**JUSTINE INGELS,**
Appellant
V.
**DIANE R. EARNEST,**
Appellee

Appeal from the County Court at Law No 1

of Dallas County, Texas (Tr.Ct.No. CC-13-05584-A)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that all costs of this appeal are hereby adjudged against the appellant, **JUSTINE INGELS**, for which execution may issue, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*